UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMARJEET S., <br><br> Petitioner, <br><br> v. <br><br> TONYA ANDREWS, Administrator of Golden State Annex; TODD M. LYONS, Acting Director of United States Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the United States Department of Homeland Security; PAMELA BONDI, Attorney General of the United States, <br><br> Respondents. | No.  1:26-cv-00391-KES-SKO (HC) <br><br> ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS <br><br> Doc. 1 |

Petitioner Samarjeet S. is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order.[1]  Docs. 1, 2.  The Court has previously addressed the legal issues raised by the petition.  *See, e.g.*, *R.A.N.O. v. Wofford*, No. 1:25-CV-01535-KES-EPG (HC), 2026 WL 40507 (E.D. Cal. Jan. 6, 2026); *Omer G. G. v. Kaiser*, No. 1:25-CV-01471-KES-SAB (HC), 2025 WL 3254999 (E.D. Cal. Nov. 22, 2025).

The Court informed the parties that it intended to rule directly on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that

---

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only his first name and last initial, to protect sensitive personal information.  *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

distinguish it from the Court's prior orders in *R.A.N.O. v. Wofford* and *Omer G. G. v. Kaiser* and that would justify denying the petition. Doc. 4. Respondents confirm that this "matter is not substantively distinguishable from the cited orders," and as respondents acknowledge, the Court has previously addressed their arguments. Doc. 7 at 1–3. Respondents agree that the Court should rule directly on the petition. *Id.* at 1.

Respondents argue that *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020), held that noncitizens like petitioner have no due process right to challenge their detention. Doc. 7 at 2–4. But *Thuraissigiam* considered whether a noncitizen stopped at the border had a due process right to challenge his *admissibility* into the United States; it did not address a due process challenge to re-detention following a lengthy period of release in the United States. *See Thuraissigiam*, 591 U.S. at 107. The Supreme Court considered in *Thuraissigiam* whether a non-citizen detained just inside the border, and continuously detained thereafter, had a due process right to obtain habeas review of his asylum claim. *Id.* at 106–07, 118–19 (noting that "respondent fail[ed] to seek release" or dispute the validity of his confinement). It was in that context that the Court found that the non-citizen in *Thuraissigiam* had "only those rights *regarding admission* that Congress has provided by statute." *Id.* at 140 (emphasis added); *see also Padilla v. ICE*, 704 F. Supp. 3d 1163, 1171–72 (W.D. Wash. 2023) (finding *Thuraissigiam* inapplicable to the question of whether plaintiffs were entitled to bond hearings as *Thuraissigiam*'s holding was limited to "rights regarding admission"). Petitioner does not challenge any admissibility determination in this habeas proceeding, and *Thuraissigiam* does not foreclose his due process claim regarding his detention.

Respondents also request that the Court order respondents to provide petitioner a post-deprivation bond hearing, rather than a pre-deprivation bond hearing. Doc. 7 at 1–2. But respondents do not allege that petitioner violated any term of his release or that he is a flight risk or danger to the community. *See id.* "'[T]he root requirement' of the Due Process Clause" is "'that an individual be given an opportunity for a hearing *before* he is deprived of any significant protected interest.'" *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 542 (1985) (quoting *Boddie v. Connecticut,* 401 U.S. 371, 379 (1971)); *see Zinermon v. Burch*, 494 U.S. 113, 127

(1990) ("Applying [the *Mathews*] test, the Court usually has held that the Constitution requires some kind of a hearing *before* the State deprives a person of liberty . . . ."). Courts typically require evidence of urgent concerns or an especially strong government interest to justify a post-deprivation hearing. *See Guillermo M. R. v. Kaiser*, 791 F. Supp. 3d 1021, 1035–36 (N.D. Cal. 2025); *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 53, 59–61 (1993). Given the "absen[ce] of evidence of urgent concerns," the Court finds that "a *pre*-deprivation hearing is required to satisfy due process." *Guillermo M. R.*, 791 F. Supp. 3d at 1036.

As respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions in *R.A.N.O. v. Wofford*, No. 1:25-CV-01535-KES-EPG (HC), 2026 WL 40507 (E.D. Cal. Jan. 6, 2026), and *Omer G. G. v. Kaiser*, No. 1:25-CV-01471-KES-SAB (HC), 2025 WL 3254999 (E.D. Cal. Nov. 22, 2025), the petition for writ of habeas corpus is GRANTED, for the reasons addressed in those prior orders and as further addressed above.

Respondents are ORDERED to release petitioner immediately. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

The Clerk of Court is directed to close this case and enter judgment for petitioner.

IT IS SO ORDERED.

Dated:   January 24, 2026

UNITED STATES DISTRICT JUDGE